GARNER v. PHILIPS. COLTON v. THE SAME. CARPENTER
v. THE SAME.

*Appeal from Louisa District Court — Saturday, Decem-*
*ber 16.*

FRAUDULENT CONVEYANCE.

THESE actions were instituted by the several plaintiffs therein, who
are judgment creditors of Charles S. Philips, to set aside a certain
conveyance made by said Charles S. Philips to his father, Edward
Philips, of certain real estate ; also certain chattel mortgages executed
between the same parties, which conveyances and chattel mortgages
the plaintiffs severally allege were made by the parties thereto with
the intent to cover up the property therein described, and put the
same beyond the reach of the creditors of said Charles S. Philips, and
with intent to defraud the plaintiffs.

The causes were tried together in the court below, and a decree
rendered in favor of the plaintiffs respectively, finding that the con-
veyance of the real property by said Charles S. Philips to his father
Edward Philips, and also the chattel mortgage executed on the 22d
day of February, 1867, were executed with intent to hinder, delay and
defraud the creditors of said Charles S. Philips, and adjudging that
said deed and mortgage be annulled, set aside and made void as against
the rights of the plaintiffs. From this decree defendants appeal.

*Sprague & Riley* for the appellants — *Strong & Springer* for the
appellees.

MILLER, J.— We have carefully read the evidence submitted in
these cases, as well as the arguments of counsel, and have reached the
same conclusion as that of the district court as to the character of these
conveyances. The evidence, to our minds, most clearly and satisfac-
torily establishes the fact, that they were made by the parties thereto
with the purpose of keeping the property, both real and personal, of
Charles S. Philips, out of the reach of his creditors. This fact being
established, these conveyances are void and of no effect as against such
creditors.

The evidence further shows, however, that subsequent to the con-
veyance of the real estate by Charles S., to Edward Philips, the latter
paid off a mortgage which was a lien on the land conveyed, prior and
superior to the judgments of the several plaintiffs, and which at the
time of such payment amounted to the sum of $1,642. Since there was
no fraud in this transaction, and the plaintiffs are in no manner pre-
judiced thereby, Edward Philips should be subrogated to the rights of

the original holder of this mortgage, and entitled to hold the same as a lien, on the real estate covered by it, prior and superior to those of the plaintiffs, for the payment of the amount of the mortgage debt with interest as stipulated therein.

With this modification the decree of the district court will be affirmed. The cause will be remanded, with directions to the district court to render a decree in accordance with this opinion, or if the plaintiffs so elect, such decrees will be rendered in this court.

Affirmed.