[L. A. No. 924.   Department One.—March 22, 1902.]

## DOUGLAS VAN HORN, Respondent, v. GEORGE W. DECROW and LUCY J. DECROW, Appellants.

INJUNCTION SUIT—ISSUES FOUND FOR DEFENDANT—JUDGMENT—COSTS.
—In a suit for an injunction, where all of the issues made by the pleadings are found for the defendant, the defendant is entitled to a judgment for his costs, and it is error to grant an injunction to the plaintiff at the costs of the defendant.

ID.—FINDING OUTSIDE OF ISSUES—DENIAL OF RIGHT TO USE OF DITCH.—
A finding outside of the issues, that the defendant denied the right of the plaintiff to the use of a particular ditch, cannot support the injunction; nor, if it were within the issues, could such mere denial, if not coupled with any act or threatened act, justify an injunction.

APPEAL from a judgment of the Superior Court of San Bernardino County.   John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Rolfe & Rolfe, for Appellants.

Bledsoe & Bledsoe, for Respondent.

VAN DYKE, J.—In the complaint it is alleged that on the twenty-ninth day of September, 1892, the defendants, then being the owners of the water right and irrigation ditch known as "The Snoderly Irrigation Ditch" in San Bernardino County, sold and conveyed to the plaintiff a one-fourth undivided interest therein, by deed made and executed on that date; that continuously from the date of said purchase to and until the fifteenth day of July, 1899, defendants and plaintiff, as joint owners, used the said water—alleged to be four hundred inches measurement—for irrigation and domestic purposes on their respective places, and that plaintiff used one fourth of said four hundred inches, and was thereby enabled to and did irrigate his crops, fruit, alfalfa, etc.; that on the fifth day of July, 1899, the defendants wrongfully and unlawfully, and by force and violence, broke and destroyed plaintiff's distributing ditch and built a dam at the intake thereof, and thereby prevented any water flowing into plaintiff's said ditch and from flowing to or on plaintiff's said premises, and

ever since have wrongfully, maliciously, and by force and violence prevented plaintiff from having or using any waters flowing in said Decrow and Snoderly ditch, in consequence of which wrongs and unlawful interference plaintiff was deprived of the use of water to irrigate his crops, trees, etc., to his injury and damage in the sum of eight hundred dollars. That defendants threaten to, and unless prevented and restrained will, continue to interfere with, divert, and prevent plaintiff from having and using any water flowing in said ditch, to plaintiff's irreparable injury, loss, and damage. Wherefore plaintiff prays that the defendants be perpetually enjoined and restrained from interfering with or interrupting or diverting plaintiff's aforesaid water, and that he have judgment for the recovery of the sum of eight hundred dollars damages and costs.

In the answer defendants allege that at the time of the execution of the deed in question conveying the water right to the plaintiff, the defendant George W. Decrow was the owner of only one half of the Decrow and Snoderly ditch referred to in the complaint, and that the defendant Lucy J. Decrow had no interest or claim therein, excepting community right as the wife of said Decrow, defendant; and that several years after the said conveyance,—to wit, on or about the 8th of March, 1895, the said defendant George W. Decrow acquired the right and title to the other half of the said ditch and water right, and that he is, and has been since, the owner of seven eighths of the said ditch and water right. The answer denies that there has been flowing in said ditch four hundred inches of water, or more than one hundred inches of water, measured under a four-inch pressure. Denies that defendants, or either of them, on the fifth day of July, 1899, or at any other time, broke or destroyed plaintiff's distributing ditch, or in any manner prevented the water from flowing into the same to the full amount of plaintiff's said right and interest in and to the water of said Decrow and Snoderly ditch, and denies that plaintiff has suffered any loss or damage, or that the plaintiff has been injured in the sum of eight hundred dollars, or any sum, in consequence of any interference by defendants, or either of them, with the plaintiff's portion of the waters flowing in said ditch, or by any act or conduct of defendants, or either of them.

An amendment to the complaint was filed by the plaintiff, in which it is alleged that before the making of the deed in question the defendants, for the purpose of inducing the plaintiff to purchase an interest in said water right, represented to plaintiff that they owned and had the right to use six hundred inches of water, measured under a four-inch pressure, continuous flow, in said Decrow and Snoderly ditch, and then and there promised to convey to the plaintiff, by good and sufficient deed, one fourth of said six hundred inches of water for irrigation and domestic purposes; and that pursuant to said agreement a deed was prepared, and the plaintiff was informed by the scrivener who prepared the same that it was sufficient in form to convey, and did convey, to plaintiff the one-fourth undivided interest in and to the use of said six hundred inches of water, and the plaintiff believed the same to be true. And thereupon plaintiff accepted said deed, so believing and understanding the same as aforesaid; but it is alleged that the deed is ambiguous and uncertain and insufficient in form to convey to the plaintiff the rights and interests which the defendants so promised and agreed to convey, and it is asked that said deed be reformed accordingly. The defendants specifically deny the allegations in said amendments to the complaint.

The court finds that at the time of the execution of the conveyance to the plaintiff of the interest in the Decrow and Snoderly irrigation ditch, mentioned and referred to in the complaint, the defendant, George W. Decrow, was the owner of one undivided half of said ditch and the rights to the waters therein flowing and no more, and the defendant Lucy J. Decrow had no right or interest in the same except the community right as the wife of her co-defendant; that it was the intention of the parties at the time of executing said conveyance that it should convey, and did convey, to the plaintiff one fourth of all the right, title, and interest which the said George W. Decrow then owned in said ditches and flume to the plaintiff's premises; that thereafter, on the 8th of March, 1895, the defendant George W. Decrow acquired, and he has since owned, the other half of said Decrow and Snoderly ditch and the rights to waters therein flowing, and that the plaintiff never has acquired from the defendants nor owned more than one-eighth interest in the waters flowing

in said Decrow and Snoderly ditch; that defendants did not, nor did either of them, promise or agree or intend to convey to the plaintiff the one fourth of six hundred inches of water, or any specific quantity, and that at the time of the execution of said conveyance it was understood and intended by all the parties that the defendants conveyed to plaintiff one fourth, and no more, of the right, title, and interest that said George W. Decrow then owned and held in the aforesaid ditch and flume; that defendants did not, nor did either of them, on the fifth day of July, 1899, or at any other time, by force or violence, or at all, break or destroy plaintiff's distributing ditch, nor build a dam at the intake thereof, except by the defendant George W. Decrow, for the purpose of using the water flowing in the main ditch at the times of his turn and right to use said water in the usual manner; that the same had been done for several years, and was necessary to do in using the water for irrigating his said premises. In addition to these findings, there is added the following: "The defendant George W. Decrow did at divers times between the fifth day of July and the sixteenth day of October, 1899, deny plaintiff's right to the use of what is known as the Decrow ditch, described in finding two hereof; and asserted and declared to plaintiff if he desired to use the waters of the Decrow and Snoderly ditch heretofore conveyed to plaintiff, that it would be necessary for plaintiff to take said water from the Decrow and Snoderly ditch at or near a point where said Decrow flume joins said Decrow and Snoderly ditch, and to convey said waters to plaintiff's said premises by means other than through said Decrow ditch." And as conclusions of law, the rights of the parties to their respective quantities of water is defined, and it is decided that the plaintiff do not recover any damages from the defendants, or either of them, but that the plaintiff recover from defendants his costs in the action.

In the judgment based upon these findings it is ordered that the defendants be perpetually enjoined from interfering with, or in any manner preventing plaintiff's use of the water during the time the same is apportioned to his use as therein provided, and that plaintiff have and recover his costs in the action. The appeal is taken from that portion of the judgment granting an injunction in favor of the plaintiff and awarding to him costs in the action.

The facts as found within the issues made by the pleadings were, as appears, all in favor of the defendants, and the portion of the judgment appealed from is a complete *non sequitur,* as regards such facts so found. The defendants were brought into court on the claim of the plaintiff to a one-fourth interest in the said ditch and water rights, and waters flowing therein, which it was alleged the defendants denied, and to answer the charge made by the plaintiff that they had unlawfully and by force and violence broken and destroyed his said distributing ditch, and prevented any water flowing therein to the plaintiff's premises, and, as incident to these claims, that they respond in damages to the plaintiff, for said alleged wrongs and injuries done, in the sum of eight hundred dollars, and that they be prevented and restrained from *continuing* to interfere with and prevent said plaintiff from having and using the water flowing in said ditch as claimed. The court found directly against the plaintiff and in favor of the defendants on all these charges—to wit, the quantity of interest claimed by the plaintiff, the interference of defendants with the rights of the plaintiff, and the damages alleged to have been caused thereby. On these findings it is very clear that plaintiff was entitled to take nothing by his action, and that defendants were entitled to their costs for thus being put to the trouble and expense of defending against unjust charges. The so-called finding that the defendant George W. Decrow at divers times denied the plaintiff's right to the use of what is known as the Decrow ditch, is outside of any issue made by the pleadings; but if it were otherwise, neither a mere denial nor a claim of right, not coupled with some act or threatened act, is sufficient to justify the drastic measure of an injunction. With equal propriety the plaintiff should have been enjoined from asserting his right to a one-fourth interest in the said ditch and water right as he had done. "An injunction is a writ or order requiring a person to refrain from a particular act." (Code Civ. Proc., sec. 525.) "An injunction may be granted in the following cases: 1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually; 2. When it appears by the complaint or affidavit that the

commission or continuance of some act during the litigation would produce waste, great or irreparable injury to the plaintiff; 3. When it appears during the litigation that the defendant is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's right respecting the subject of the action, and tending to render the judgment ineffective." (Code Civ. Proc., sec. 526.)

Even the so-called finding, outside of the issues made by the pleadings, does not bring the case within the rule laid down by the code justifying an injunction. On the facts made by the pleadings, as found by the court, the defendants were entitled to judgment in their favor and for costs.

That portion of the judgment appealed from is reversed and the cause remanded, with directions to the court below to modify the judgment in accordance with this opinion.

Garoutte, J., and Harrison, J., concurred.