JEWELL v. KELLEY.

FRAUDULENT CONVEYANCES—ACCOUNTING—HUSBAND AND WIFE.
Evidence that defendant had transferred to his wife his real property and personalty in defraud of his creditors, that she had paid out to satisfy his creditors several amounts, proved by vouchers and undisputed testimony, and that she was entitled to exemptions to be credited to her on an accounting, *held*, to show a balance due of $211.19 for which she should be held liable to a judgment creditor.

Appeal from Allegan; Padgham, J. Submitted October 13, 1913. (Docket No. 30.) Decided March 28, 1914.

Bill by Fred Jewell against Josie Kelley and Michael Kelley in aid of execution and for relief against certain voluntary conveyances. From a decree for complainant, defendant appeals. Modified and affirmed.

*Charles R. Wilkes,* for complainant.

*Charles Thew,* for defendant.

McALVAY, C. J. Complainant filed a judgment creditor's bill, and also in aid of execution against defendants, upon which a decree was granted in his favor. From that decree an appeal was taken to this court, where the decree was modified. The opinion handed down at that time, written by Mr. Justice HOOKER, appears in 155 Mich. 301 (118 N. W. 987), where an extended statement of facts is made, to which reference is had for a complete understanding of the case. We need only to state in this opinion that defendant Michael Kelley, before the filing of complainant's bill of complaint, had transferred his real estate to his wife, defendant Josie Kelley, and also certain of his personal property at the same time, which transfers were both attacked as voluntary, and made with intent to hinder, defraud, and delay creditors. The decree of the circuit court sustained the contention of complainant, and set aside the transfer of the real estate and also of the personal property as fraudulent. This court decreed that the transfer of the real estate to defendant Josie Kelley by her husband was valid, reversing the decree in that regard, and sustained the decree of the circuit court as to the personal property. The case was remanded for further proofs, as follows:

"And it appearing from the record that the said defendant Josie Kelley has disposed of a large part of the personal property in said bill of sale described, and that but a small part, if any, of the personal property aforesaid is now in the possession of the said Josie Kelley, it is further ordered, adjudged, and decreed that said cause be referred back to the circuit court for the county of Allegan, in chancery, to take proofs of the amount and value of the personal property disposed of by the said Josie Kelley belonging to the said Michael Kelley for the purpose of deter-

mining the amount justly due complainant from the said Josie Kelley for the value of the personal property so converted, used, or disposed of by her."

Since the remand ordered by this court the cause has been reheard in the circuit court upon further proofs taken upon the question specified in the remanding order and decree of this court, and by stipulation the proofs taken in the former hearing were considered. A decree has been granted and entered in favor of complainant, which contains the following finding and determination:

"Said Josie Kelley has disposed of, used, and converted of the personal property of the said Michael Kelley in the said bill of sale referred to property of more than the value of $397; that being the amount due from the said Michael Kelley to the said Fred Jewell on the judgment in the bill of complaint described. And it is further ordered, adjudged, and decreed that the complainant is entitled to recover of and from the said Josie Kelley for fraudulently converting (the) personal property aforesaid, the amount due upon said judgment, namely: The sum of $397."

Defendant Josie Kelley has appealed to this court from this decree.

Appellant contends that the court, in arriving at the amount to be charged against her in this accounting for this property, which came into her hands under this bill of sale, has not given her the amount of credits she is entitled to from the evidence in the case, and claims that on a legal and equitable accounting there will remain nothing of this property, or its proceeds, in her hands upon which a personal decree against her can be based.

The court, when the case was here before, as stated, determined that the bill of sale of Michael Kelley to Josie Kelley was fraudulent and void as to complainant, and subjected the property described therein to complainant's claim. In the decree remanding the

case but one issue was left undetermined, and that was to find the amount and value of this personal property converted, used, or disposed of by said Josie Kelley belonging to Michael Kelley. As was stated in the decree of this court:

"For the purpose of determining the amount justly due complainant from the said Josie Kelley for the value of the property so converted, used, or disposed of by her."

The learned circuit judge filed an opinion in the case in which he determined the total amount due complainant upon his judgment against defendant Michael Kelley, together with interest and costs, was the sum of $397. He also found that defendant Josie Kelley was entitled to her statutory exemptions, and also for the value of the horse and pigs described in the bill of sale which died prior to the bringing of this suit, and should also be allowed for payment made by her of the chattel mortgage upon the property at the time of the bill of sale, and for other items which, from the evidence, he found she was entitled to credit; being for payments of debts of defendant Michael Kelley out of the personal property received by her under the bill of sale. After deducting all these items, he determined the amount of the value of the balance of such personal property which she had received on said bill of sale, and had converted, used, or disposed of unlawfully and fraudulently, as against this judgment creditor, to be considerably larger than $397, the amount found due complainant on his judgment, not stating the exact amount, and ordered a decree to be entered against her in complainant's favor for such sum of $397, with costs.

All of the evidence in the old and new records, which was considered by the trial judge in arriving at his determination, has been carefully examined and considered. While we agree with the trial court as to the nature of the credits which should be allowed

to defendant Josie Kelley, our conclusion from the evidence is that all payments made by her upon the debts of Michael Kelley for which she would receive credit have not been included. It will not be necessary to go into the details of this evidence. We accept the amount with which she should be charged as listed and stated in complainant's original brief, based upon complainant's testimony, to be correct, namely, the sum of $667.50. This amount includes the value of the bay horse she now claims, but which was included in the bill of sale, and which we find was the property of Michael Kelley.

We agree with the trial court in giving her credit for her statutory exemptions, the value of the horse and pigs which died before suit, the amount of the chattel mortgage which she paid, and only disagree in the amount of the other items for which she is entitled to credit, paid out of this personal property by her to settle debts of Michael Kelley, which she has established conclusively by her uncontradicted testimony and the written vouchers showing payments. The total amount of her entire credits we find to be $526.71, which, deducted from $667.50, the amount which complainant claims should be the basis of the accounting, leaves $140.79 to be charged against her. Adding interest at 5 per cent. for 10 years, $70.40, makes the total amount to be charged against her the sum of $211.19, for which she is liable to complainant, and for which he is entitled to a decree against her.

The decree of the circuit court will be so modified, and a decree for that amount will accordingly be entered in this court. Defendant Josie Kelley will recover costs of this court, to be taxed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.