(June 22, 1918.)

## LOUISA M. PRINTZ, Respondent and Cross-appellant, v. CARL E. BROWN, Appellant and Cross-respondent.

[174 Pac. 1012.]

HUSBAND AND WIFE—FRAUDULENT CONVEYANCE—COSTS.

1. A husband not insolvent and in the exercise of good faith may convey community property to his wife as a gift, and the same will thereupon become her separate property.

[As to transfers of real estate between husband and wife, tested by the law as to fraudulent conveyances, see note in 19 Am. St. 657; 20 Am. St. 715; 90 Am. St. 497.]

2. Where a husband transfers property to his wife with intent to hinder, delay and defraud his creditors, his wife not being a party to the fraudulent intent, and thereafter she satisfies a valid pre-existing mortgage and pays taxes levied against the premises out of her separate funds, and the property is afterward sold on execution sale, she is entitled to a lien for the amount she has so expended, which lien takes precedence over the rights of the purchaser at the execution sale.

3. In an action where the title to land is involved, the prevailing party is entitled to costs as of course under Rev. Codes, sec. 4901.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action to quiet title. Judgment in favor of plaintiff; defendant Brown appeals and plaintiff files cross-appeal. *Judgment affirmed.*

Lot L. Feltham, for Plaintiff and Cross-appellant.

"All presumptions are in favor of the conveyance to the wife. The law will not allow idle presumptions to be indulged in as against a deed delivered and recorded. Facts must be proven from which it is clearly made to appear that the property in such case is community property, or the deed will be given effect according to its terms." (*Alferitz v. Arrivillaga,* 143 Cal. 646, 77 Pac. 657.)

"The husband can make a gift to the wife of either his separate or of the community property, and it will become her separate property." (*Kohner v. Ashenauer,* 17 Cal. 578, 582; *Peck v. Brummagim,* 31 Cal. 440, 445, 89 Am. Dec. 195.)

"Property conveyed to the wife during coverture, by way of gift, becomes her separate property." (*Lewis v. Johns,* 24 Cal. 98, 85 Am. Dec. 49; *Peck v. Vandenberg,* 30 Cal. 11; *Woods v. Whitney,* 42 Cal. 358; *Higgins v. Higgins,* 46 Cal. 259.)

Lucas & McAdams, for Defendant and Appellant.

"In case of voluntary conveyance which operates to the injury of creditors, it is immaterial whether or not the vendee participated in the fraudulent design." (6 Ency. of Evidence, 122; *Swartz v. Hazlett,* 8 Cal. 118, 128; *Lee v. Figg,* 37 Cal. 328, 336, 99 Am. Dec. 271; *Peek v. Peek,* 77 Cal. 106, 111, 11 Am. St. 244, 19 Pac. 227, 1 L. R. A. 185; *Bush etc. Co. v. Helbing,* 134 Cal. 676, 66 Pac. 967.)

In every Idaho case, from *Johnson v. Sage,* 4 Ida. 758, 44 Pac. 641, down to the present time, this court has pronounced such deeds void. Nowhere do they use the term "voidable." (Rev. Codes, sec. 3169.)

California has the same statute (Civ. Code, sec. 3439), and there we find that such a deed is absolutely void, not merely voidable. (*Judson v. Lyford,* 84 Cal. 505, 24 Pac. 286; *Mason v. Vestal,* 88 Cal. 396, 22 Am. St. 310, 26 Pac. 213; *Bull v. Ford,* 66 Cal. 176, 4 Pac. 1175.)

RICE, J.—On January 14, 1911, respondent Louisa M. Printz was the wife of Shallum P. White, who on that day executed and delivered a deed to her for approximately two acres of land adjacent to the town of McCall. At the same time White and his wife executed a mortgage upon the same property for the sum of $175, which was a renewal of an existing mortgage upon the premises for the sum of $200, twenty-five dollars having been paid at the time. On January 4, 1912, Mrs. Printz, while still the wife of White, satisfied the mortgage. On January 9th, of the same year, she

left her husband and has since resided in the state of Oregon. On March 6, 1913, she obtained a divorce from White, and afterward married Printz. On November 29, 1913, judgment in favor of N. F. Williams against Shallum P. White was docketed in the office of the clerk of the district court for Boise county. Subsequently execution was issued thereon, and approximately an acre and a half of the land conveyed by White to his wife was levied upon under the execution, and thereafter sold to appellant Carl E. Brown.

This action was instituted by Louisa M. Printz against Carl E. Brown, Shallum P. White and N. F. Williams, to quiet title to the land conveyed to her by White. Judgment was entered, decreeing that the rights of Brown were prior to those of Mrs. Printz, subject to an equity in favor of Mrs. Printz in the sum of $225, and decreeing further that unless said sum was paid into court for Mrs. Printz within ninety days, "the plaintiff shall have title to the said premises cleared of all encumbrances and liens placed thereon by the defendants, and shall be immediately put into possession of the said premises and the free use and enjoyment of the same, and the defendants shall be forever barred from interference with the same."

Brown appeals from that portion of the judgment which decrees that the "defendant shall pay plaintiff· the sum of $225 (which said sum the court found represented plaintiff's separate interest in said premises by reason of her having paid off and redeemed the premises hereinafter described from mortgage and tax liens, less the value of that portion of the original tract which she still retains with title unclouded), together with plaintiff's costs in this action."

Mrs. Printz, plaintiff below, appealed from the whole of the judgment.

The conveyance from White to his wife was made without valuable consideration and as a gift to her. The court found that this conveyance was made while White was insolvent and for the purpose of defrauding his creditors. The conveyance as against such creditors was therefore void. The sheriff's deed on execution to appellant Brown conveyed title

as against Mrs. Printz. (*The Mode, Ltd., v. Myers,* 30 Ida. 159, 164 Pac. 91.) The court further found that the respondent Mrs. Printz accepted the deed "without any intention to defraud the creditors of the community, or of said Shallum P. White, and without full knowledge of the insolvency of the said Shallum P. White," and that she satisfied the mortgage referred to and paid certain taxes levied against the land with money "from her separate property and funds."

Since a portion of the money used by respondent in paying encumbrances against the land was money which she borrowed while she was still the wife of White, appellant contends that the money so borrowed was community property, and cites in support of his contention, *Northwestern & P. H. Bank v. Rauch,* 7 Ida. 152, 61 Pac. 516, and *Chaney v. Gauld Co.,* 28 Ida. 76, 152 Pac. 468. These cases are not conclusive upon the matter here involved. In both cases the wife borrowed money with which to pay a portion of the purchase price of certain real estate, and the court held that generally speaking real estate purchased with money borrowed by either spouse was community property. A different conclusion was reached in the case of *Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775. See, also, the case of *Hall v. Johns,* 17 Ida. 224, 105 Pac. 71. In the case at bar the property was not purchased with money borrowed by the wife. It is clear from the evidence that the money was not borrowed either upon the credit of Shallum P. White or upon the credit of the community estate. The court properly found that it was the separate property of Mrs. Printz. (*United States Fidelity & Guar. Co. v. Lee,* 58 Wash. 16, 107 Pac. 870.) A conveyance from husband to wife is not void on account of the relationship of the parties. (*Bank of Orofino v. Wellman,* 26 Ida. 425, 143 Pac. 1169.)

We have, then, a case of fraudulent conveyance to a party who did not participate in the fraud, and who afterward used her separate property to pay off valid prior encumbrances. The appellant Brown, as execution purchaser, was entitled to succeed to all the rights of White, the judgment

debtor, to the same extent as though the fraudulent conveyance had not been made. But the law will not visit any punishment or penalty on Mrs. Printz. Had the fraudulent conveyance not been made, White's interest in the land would have been subject to the mortgage and also the payment of taxes. Having satisfied these liens, the respondent is entitled to a lien on the property for the amount expended therefor. (*Ackerman v. Merle,* 137 Cal. 169, 69 Pac. 983; *Leqve v. Stoppel,* 64 Minn. 74, 66 N. W. 208; *Hamilton Nat. Bank v. Halsted,* 134 N. Y. 520, 30 Am. St. 693, 31 N. E. 900; *Loos v. Wilkinson,* 113 N. Y. 485, 10 Am. St. 495, 21 N. E. 392, 4 L. R. A. 353; *Costello v. Prospect Brewing Co.,* 52 N. J. Eq. 557, 30 Atl. 682; *Pendleton v. Gondolf,* 85 N. J. Eq. 308, 96 Atl. 47; *Lore v. Dierkes,* 16 Abb. N. C. (N. Y.) 47; *Kickbusch v. Corwith,* 108 Wis. 634, 85 N. W. 148; *Garner v. Philips,* 35 Iowa, 597; *Jewell v. Kelley,* 180 Mich. 61, 146 N. W. 402.)

Under the pleadings and on the record in this case the court probably was not authorized to enter a decree quieting title in respondent, but Brown's appeal is not taken from that portion of the decree. It merely calls in question the requirement that appellant Brown shall pay a certain sum to respondent.

The court found as a fact that respondent Mrs. Printz had expended the sum of $250 in the discharge of the mortgage indebtedness and in the payment of taxes upon the premises, and deducted twenty-five dollars from the same as the value of the half acre which the execution sale did not cover. The record shows an expenditure of $228.61 by respondent. There is no evidence in the record as to the value of that portion of the property not sold under the execution sale and still remaining in the hands of the respondent. However, respondent was not charged with the burden of proving the value of this portion of the land. She met the burden resting upon her when she gave proof of the extent of her interest in the entire tract. If the appellant desired to show that in equity respondent's lien should be apportioned between the tract he purchased and the remainder of the land, he should

have presented evidence from which such apportionment could be made. The amount required by the court to be paid, therefore, appears to be less than the amount which might have been properly charged against the land.

The district court allowed respondent her costs in the court below, and the appeal brings up the propriety of such action for review. This case is one involving the title to real estate. (*Brunzell v. Stevenson,* 30 Ida. 202, 164 Pac. 89.) As we view the effect of the judgment on the issues presented in the court below, the respondent was the prevailing party, and under Rev. Codes, sec. 4901, she was entitled to recover her costs.

The judgment is affirmed. No costs are awarded on this appeal.

Budge, C. J., and Morgan, J., concur.