(March 6, 1924.)

## T. M. DUKES, Respondent, v. CANYON HILL DITCH CO., Appellant.

[224 Pac. 85.]

MANDAMUS—RIGHT IN DITCH—RIGHT TO DELIVERY OF WATER—CHANGE IN MODE OF DELIVERY.

1. If, by virtue of stock in a corporation, one has an interest in a particular ditch, and the right to have his water carried through it, he has a right to compel the company to carry it through that ditch.

2. If, by virtue of stock in a corporation, one has merely the right to compel the company to deliver him so much water at a given place, he has no right to compel the company to deliver the water through a particular ditch, but it suffices if the water is delivered to him in sufficient amount, and without injury, inconvenience or additional expense.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

*Mandamus* to compel delivery of water through certain ditch. Judgment for plaintiff. *Reversed.*

Walter Griffiths, for Appellant.

Under a partnership or association the members of the association hold the title to the canal or property in the nature of tenants in common. (3 Kinney on Irrigation, 2d ed., sec. 1454.)

Where by natural causes the maintenance of the ditch on its old course has become an impossibility, there is power and authority in the officers or managers to change the course. (*Candelaria v. Vallejos,* 13 N. M. 146, 81 Pac. 589.)

The court here is dealing with property which is held by the members of the association as tenants in common and not in the same nature as a corporation under our laws. (3 Kinney on Irrigation, secs. 1465, 1468, 1477.)

The corporation would have a right to change the location of the canal, or course of the canal, so long as it did not injure its stockholders or the water users. (3 Kinney on Irrigation, sec. 1488; 1 Wiel on Water Rights in the Western States, 3d ed., sec. 501, and vol. 2, sec. 1266; 40 Cyc., pp. 826 and 831; *Hallett v. Carpenter,* 37 Colo. 30, 86 Pac. 317.)

Buckner & Warren, for Respondent.

A stockholder in a corporation organized for the purpose of carrying and distributing water to its stockholders has an actual estate or property right in the canal in addition to the right of service from the company, which cannot be taken from him to his damage. (*Nampa & Meridian Irr. Co. v. Gess,* 17 Ida. 552, 106 Pac. 993; *Idaho, Fruit Land Co. v. Great Western Beet Sugar Co.,* 18 Ida. 1, 107 Pac. 989; 2 Wiel on Water Rights in Western States, secs. 1268, 1324–1328; *Stanislaus Water Co. v. Bachman,* 152 Cal. 716, 93 Pac. 858, 5 L. R. A., N. S., 359; *Candelaria v. Vallejos,* 13 N. M. 146, 81 Pac. 589; 40 Cyc. 831; *Niday v. Barker,* 16 Ida. 73, 101 Pac. 254.)

The fact that the delivery of water has become more expensive or more burdensome is not sufficient reason for refusing delivery of water from Canyon Hill Ditch. (*City of Nampa v. Nampa & Meridian Irr. Dist.*, 19 Ida. 779, 115 Pac. 979.)

A canal constructed for the purpose of conveying water for irrigating purposes cannot be changed so as to prevent or interfere with the use of water from said canal by anyone who had used water for irrigating purposes from said canal. (C. S., sec. 5564; *Candelaria v. Vallejos, supra; Niday v. Barker, supra;* 40 Cyc. 831; C. S., sec. 5630.)

McCARTHY, C. J.—Respondent petitioned for a writ of *mandamus* in the district court alleging that appellant is a corporation engaged in carrying water by means of ditches and canals to its stockholders, that petitioner is the owner of a certain tract of land which requires water for irrigation, the owner of a water right, and also the owner of a certain certificate of stock of appellant which entitles him to have water for irrigation carried to his land in appellant's canal, the Canyon Hill Ditch, and that appellant wrongfully failed and refused to carry said water through said ditch. In its answer appellant denies respondent's right to have the water carried through said canal but admits that his stock entitles him to require appellant to deliver the water at the most convenient point on his land for irrigation. By way of affirmative matter appellant alleges that, in order to deliver said water to respondent's land from said canal, it is necessary to place checks in the ditch because the land is higher than the ditch, which interferes with the efficient delivery of water to other stockholders. It alleges that its officers under orders of the board of directors procured the right to carry respondent's water through another canal belonging to the Newman Ditch Co. to a point 1,200 feet east of petitioner's land and to construct a ditch from that point to the place on said land from which it has been irrigated. It alleges that the Newman Ditch Company's canal is higher than appellant's and using it will obviate the diffi-

culty complained of. It further alleges that this change will not occasion respondent any injury, inconvenience or expense. Respondent made a motion for judgment on the pleadings, which was granted. Judgment was entered ordering the issuance of a peremptory writ of *mandamus* commanding appellant to deliver respondent's water through the Canyon Hill ditch as formerly, and the writ issued accordingly. From this judgment the appeal is taken.

Due consideration should be had for the property rights of respondent. On the other hand, due consideration should be had for the necessities of the appellant, and it should be allowed to conduct its business in such a way as to efficiently serve all its stockholders, so far as this can be done without interfering with respondent's legal rights. The only authority to which we have been cited which throws much light upon the question presented is *Candelaria v. Vallejos,* 13 N. M. 146, 81 Pac. 589. In that case a number of water users had jointly constructed and used an irrigating ditch for years with the result that they became tenants in common. Later on, for administrative purposes, the legislature made all such mutual ditch companies corporations with certain specified powers and duties. The corporation was thus an involuntary one, not a voluntary one. It was held that each of the stockholders continued to own an undivided interest in the ditch and that the corporation could not, without the consent of the individual stockholder, change the course of this ditch, even though such change would perhaps result in greater efficiency. In order to make this authority applicable to the present case it must appear that respondent has a right to have the water carried through the Canyon Hill ditch. He alleges in his petition that such is the case. On the other hand, this is denied in the answer, appellant contending that the stock simply gives respondent the right to the delivery of so much water. If the facts be as alleged by petitioner, respondent has an absolute right to have his water delivered through the Canyon Hill ditch, and the judgment is correct. He could not be deprived of such a right merely because the company

offered him something else which it claimed was just as good, or which was in fact just as good. If, on the other hand, the facts be as alleged in the answer the only right of petitioner would be to require that appellant deliver him his water at the place of use. In such case there would be nothing in the mere legal right of respondent as a stockholder which would entitle him to insist that the water always be delivered through the same ditch, provided the change in the method of delivery did not result in any injury, inconvenience or added expense to him. Unless some statute controls, we are inclined to the opinion that the pleadings tendered an issue which should have been tried out. We are referred to C. S., sec. 5630. Respondent's counsel claims that this section controls, and means that appellant or any other company delivering water must deliver it through a canal owned by it. The results of such a construction would be mischievous, since undoubtedly many canal companies have acquired rights to use, and do use, canals not owned by them. We do not think such a construction of the statute is reasonable. On the contrary, we think it permits the use of a canal by an irrigation company even though it does not own it, if it has a lawful right to use it. In order to determine the respective rights of respondent and appellant, it is necessary to try out the issue as to whether respondent's right as a stockholder is to have his water delivered through the Canyon Hill ditch, or merely to have it delivered at his land. This cannot be determined without evidence. The court erred in entering judgment on the pleadings. The judgment is reversed, with costs to appellant, and the case remanded to the district court, with orders to proceed to a trial in accordance with the views herein expressed.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.