(No. 6193. October 18, 1935.)

RANDALL CANAL COMPANY, LIMITED, a corporation, Appellant, v. F. A. RANDALL, Respondent.

[50 Pac. (2d) 593.]

Chase A. Clark, for Appellant, cites no authorities on points decided.

C. E. Crowley and Newel S. Crowley, for Respondent.

MORGAN, J.—About 45 years ago respondent and others constructed a canal for the purpose of conducting water to their lands for the irrigation thereof. They continued to own and operate the canal and to irrigate their lands with water conducted through it until 1904 when they formed a corporation, for convenience in its operation, which became the owner of the canal and has since continued to own it and to deliver water from it to the lands of those entitled thereto. Respondent is the owner of a quarter section of land which the canal approaches from a northeasterly direction, intersecting the east line a short distance north of the southeast corner thereof. Water for the irrigation of that land is, and during the times above mentioned has been, delivered to it through three headgates. That numbered 1 is located at a point on the canal about 1,100 feet east from the northeast corner of the land and the water delivered thereby is conducted through a ditch, or lateral, from the canal to the northerly portion of the farm. Headgate numbered 2 is located on the canal at a point approximately 1,000 feet south and 475 feet east of the northeast corner of respondent's land, and water to irrigate the central portion of his farm is conducted thereto through a ditch, constructed for that purpose, west from that headgate to the land. Headgate numbered 3 is located on the canal at the east line of respondent's land, approximately 110 feet north from the southeast corner thereof, and water therefrom is used to irrigate the southerly portion of the farm. These headgates are so located as to deliver water to three high points, or ridges, on respondent's farm and make convenient the efficient irrigation thereof. It is appellant's purpose in this action to procure a decree authorizing it to discontinue the use of headgates numbered 2 and 3 and to

require respondent to receive all the water used by him in the irrigation of his farm through headgate numbered 1. Judgment was for defendant, and plaintiff has appealed therefrom.

The evidence shows it to be to the advantage of appellant to close headgates numbered 2 and 3 and to deliver all the water for the irrigation of respondent's farm through headgate numbered 1. To do this would make necessary the construction and maintenance of a ditch upon and along the east side of the farm which would occupy and use approximately three acres thereof. Appellant has offered to construct this ditch at its own expense, but has not offered to maintain it nor to pay respondent for the land to be occupied by it.

The trial judge made the following findings of fact, which are sustained by the evidence:

3. "That because of the original construction by him of his said headgates and lateral ditches, and because of his continuous use thereof since said time, the defendant has acquired, and now has, a right in the nature of an easement to the use of each of said ditches and headgates, for the purpose of taking and carrying his water from the Randall Canal to the high points on his land, and that the plaintiff is without right in law or equity to change the points of diversion or to interfere with any or either of said headgates or ditches of the defendant, unless such change would be made after substituting and providing for a method of diversion without injury or expense to him which would be equally efficient and serviceable to the defendant, and without any extra burden to the defendant, and without injury to him; that the plaintiff's offer to use a portion of the defendant's land and to construct a ditch thereon at its expense for the use of the defendant is not without injury to the defendant."

4. "That the Court is without jurisdiction or authority in this case to compel the defendant to accept the proposed offer of the plaintiff to use any part of the defendant's land and change his method of diverting his water, in the manner proposed by the plaintiff."

5. "That no question or right of eminent domain or compensation for injury done is before the court in this case, and that the remedies provided by the statute in such cases cannot be applied in this case, under the present pleadings."

6. "That the plaintiff is not entitled to any relief under the pleadings and evidence submitted in this case."

■ The ditches, by means of which water is diverted from the canal and conveyed to respondent's farm, are appurtenant thereto and are within our statutory definition of real property. (I. C. A., sec. 54–101; *Welch v. Garrett*, 5 Ida. 639, 51 Pac. 405; *Ada County Farmers' Irr. Co. v. Farmers' Canal Co.*, 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485; *Niday v. Barker*, 16 Ida. 73, 101 Pac. 254; *Brunzell v. Stevenson*, 30 Ida. 202, 164 Pac. 89; *Dukes* v. *Canyon Hill Ditch Co.*, 38 Ida. 696, 224 Pac. 85; *In re Department of Reclamation*, 50 Ida. 573, 300 Pac. 492; 67 C. J. 1398, sec. 1066; Kinney on Irrigation and Water Rights, 2d ed., secs. 1003 and 1017.)

■ These ditches are property of respondent in the sense and to the extent that he cannot be deprived of the use and enjoyment of them without compensation, nor by tendering compensation to him in the absence of allegation and proof of sufficient facts to justify the exercise of the power of eminent domain. (*Tobey v. Bridgewood*, 22 Ida. 566, 127 Pac. 178; *Nampa & Meridian Irr. Dist. v. Briggs*, 27 Ida. 84, 147 Pac. 75; *Colgrove v. Hayden Lake Irr. Dist.*, 40 Ida. 489, 235 Pac. 434.)

■ The question of appellant's right to exercise the power of eminent domain is not embraced within the issues framed by the pleadings. Therefore, it was not before the trial court for decision nor is it here for review. (I. C. A., Title 13, chap. 7; I. C. A., sec. 7–704; *Brunzell v. Stevenson*, 30 Ida. 202, 164 Pac. 89.)

The judgment is affirmed. Costs are awarded to respondent.

Ailshie, J., concurs.

HOLDEN, J., Concurring Specially.—It is my view that appellant may construct a ditch upon and along the East

side of respondent's farm for the purpose of enabling it to deliver to respondent the full amount of water to which he is entitled, through one headgate, instead of three, provided the substituted method of diversion is equally as efficient and serviceable to respondent as the one he now enjoys, and provided further that appellant acquires the necessary land either by purchase or condemnation. It is also my view that the question of appellant's right to exercise the power of eminent domain for the purpose of acquiring land for the construction of a ditch upon and along the East side of respondent's farm, was not embraced within the issues formed by the pleadings; that that question was not presented to nor decided by the trial court, and that it is not before this court; therefore, I concur in the foregoing opinion.

I am authorized to say that Justice Ailshie concurs in the views herein expressed.

BUDGE, J., Concurring in Part and Dissenting in Part.— This action was brought by appellant corporation primarily for the purpose of having determined whether or not a change could be made in the manner and method of diversion or delivery to respondent of the water to which he is entitled, which he receives from the Randall Canal owned by appellant corporation, used by it for the purpose of distributing water to its stockholders.

Respondent now receives water from three headgates in appellant corporation's canal and conveys this water by means of lateral ditches to and upon his lands.

Appellant corporation alleges in its pleadings, among other things, that the water to which respondent is entitled can be delivered to him through one headgate in the same quantity and without damage or injury of any kind or character; that said change in the method and manner of diversion and delivery of the water to respondent can be easily made and at a nominal cost, "all of which this plaintiff corporation is ready, able and willing to do." Appellant further alleges that respondent refuses to permit it:

"to go in and upon said defendant's land or ditch to survey and construct the same at plaintiff's own cost to properly deliver the water to which he, the said defendant, is entitled, and forbids the plaintiff in making any change in his head gates as aforesaid notwithstanding the fact that without injury to said defendant the plaintiff corporation is willing at its own expense to construct said ditch and to make all changes in said head gates required, sufficient to do so, as aforesaid, deliver all of defendant's water to him through said head gate No. 1."

The nature of the relief sought is also made apparent by the prayer of the complaint, namely:

"That plaintiff corporation be permitted to divert the water of the defendant herein through one head gate, to-wit: head gate No. 1, . . . . and no other, upon the said plaintiff corporation properly constructing diversion works and ditch from their main canal for the purpose of delivering to the defendant the water to which he is entitled.

"That as soon as such diversion and construction work is completed to deliver said water, that the defendant be enjoined and restrained from interfering with the plaintiff in closing other head gates now being used by said defendant for the irrigation of his said lands."

Appellant sets out generally the necessity for said change in the method and manner of making delivery to respondent of the water to which he is entitled and the benefits that would accrue to appellant corporation and its stockholders; the savings in the cost to the appellant corporation in the diversion of the water to its stockholders; the benefits which would inure to the stockholders by the more economical and efficient handling of the waters in the canal, and the avoidance of damages caused by the inability of appellant corporation to now so regulate the distribution of the water so as to prevent flooding other lands of landowners who take water out of the Winkler Canal.

The learned trial judge found, among other findings:

"That because of the original construction by him of his said headgates and lateral ditches, and because of his con-

tinuous use thereof since said time, the defendant has acquired, and now has, a right in the nature of an easement to the use of each of said ditches and headgates, for the purpose of taking and carrying his water from the Randall-Canal to the high points on his land, and that the plaintiff is without right in law or equity to change the points of diversion or to interfere with any or either of said headgates or ditches of the defendant, *unless such change would be made after substituting and providing for a method of diversion without injury to him;* That the plaintiff's offer to use a portion of the defendant's land and to construct· a ditch thereon at its expense for the use of the defendant is not without injury to the defendant.''

The court found, and we think the finding is sustained by the evidence, that the appellant corporation may make the change sought to be made by it, that is, to deliver the water to which respondent is entitled from the Randall Canal through one headg ite, provided the change be accomplished without injury or expense and without any extra burden to respondent and that the substituted method of diversion is equally as efficient and serviceable to respondent as that he now enjoys. It cannot be logically contended that appellant corporation could make the change sought to be made by it, if, in making such change, injury of any kind or nature in the delivery and use, or otherwise, results to respondent. But, if such change can be made without injury, expense or extra burden to respondent and will be a benefit to other stockholders, clearly the right to make the change is apparent. The judgment of the court, however, is: ''That the plaintiff (appellant) take nothing by reason of this action, and that judgment be, and the same is hereby entered in favor of the defendant, and against the plaintiff.''

The judgment, it would seem, is too narrow and should have been conditional, in this: that it should have provided in substance that unless such change in the point of diversion and the manner of distribution of the waters of the Randall Canal to which respondent is entitled could be accomplished without injury, damage or additional burden to him and the substituted method and manner of diversion

as sought to be made by appellant was equally as efficient and serviceable, said change could not be made. Appellant corporation could not appropriate the land of respondent for use in the construction of ditches or laterals in order to make the change, should it conclude that in making such change it is necessary to use respondent's land, without first acquiring, either by purchase or condemnation, the lands necessary to make such change, but not having done so it does not necessarily follow that in an action such as we have here the question of whether or not a change could be made was not a proper matter for decision. I think the judgment of the court should have followed the court's findings in this regard.

In *Dukes v. Canyon Hill Ditch Co.*, 38 Ida. 696, 224 Pac. 85, the material facts disclose that respondent filed a petition for a writ of *mandamus* in the district court alleging that appellant was a corporation engaged in carrying water by means of ditches and canals to its stockholders and that petitioner was the owner of a certain tract of land which required water for irrigation, the owner of a water right and a certificate of stock which entitled him to have his water carried through the Canyon Hill Ditch and delivered to him for use upon his land. It was further alleged that the Canyon Hill Ditch Company wilfully failed and refused to carry said water through its ditch. By way of affirmative matter the Canyon Hill Ditch Company, among other things, alleged that in order to deliver said water to respondent's land from its canal it was necessary to place checks in said ditch because the land was higher than said ditch and that the placing of said checks interfered with the delivery of water to other stockholders. It was further alleged that the officers of the Canyon Hill Ditch Company procured the right to carry respondent's water through another canal belonging to the Newman Ditch Company, which would obviate the difficulties complained of, and that such change would not occasion respondent any injury, inconvenience or expense. Dukes made a motion for judgment on the pleadings which was granted, and a peremptory writ issued commanding the Canyon Hill Ditch Company to deliver Dukes'

water through the Canyon Hill Ditch as formerly. Upon appeal this judgment was reversed and the court in the course of the opinion uses substantially the following language: Due consideration should be had for the property rights of respondent (Dukes). On the other hand, due consideration should be had for the necessities of appellant (Canyon Hill Ditch Company) and it should be allowed to conduct its business in such a way as efficiently to serve all its stockholders so far as this can be done without interfering with respondent's legal rights. It was further held that Dukes by reason of his mere legal right as a stockholder in the Canyon Hill Ditch Company would not be entitled to insist that the water always be delivered from the same ditch, provided that the method of delivery would not result in any injury, inconvenience or added expense to him.

In the instant case appellant corporation is not seeking to have the water conveyed through any other canal, other than the Randall Canal. It is here for the purpose of having determined the right, if any it has, to deliver all of the water to which respondent is entitled through one headgate instead of three. It is proposed that the water be conveyed through a supplemental ditch to the three high points on respondent's land. If it has this right it would be unavailable except there be a full compliance with the conditions heretofore discussed. The rule would seem to be that in determining whether a ditch company, organized for the purpose of conveying and delivering water, may change the manner or place of delivery of water to a stockholder:

"due consideration must be had both for the property rights of the user and the necessities of the company, since the company should be allowed to conduct its business in such a way as efficiently to serve all its stockholders, so far as this can be done without interfering with such user's legal rights. . . . .

"A consumer of water for irrigation purposes has the right to a change in the manner or place of delivery of water to him by the distributor, where such change will not injuriously affect the rights of others." (67 C. J., p. 1399.)

Whether it be the distributor or the consumer, neither would have the legal right to change the manner or place of delivery of water, if, by such change the rights of the distributor or the rights of the consumer will be injuriously affected. If such change can be made without damage or injury, as heretofore referred to, it may be done.

It is my opinion that the cause should be remanded with instructions to the trial court to vacate and set aside the judgment heretofore entered and to enter judgment in conformity with the views herein expressed.

Givens, C. J., concurs.